UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARION JEFFERSON,           )<br>                             )<br>        Petitioner,         )<br>                             )<br>   v.                        )<br>                             )<br> UNITED STATES OF AMERICA,   )<br>                             )<br>        Respondent,          ) | Case No. 10-CV-02199 |

## OPINION

On September 2, 2010, Petitioner, Marion Jefferson, filed a *pro se* motion entitled "Reduction in Sentence," alleging that the court had sentenced him outside of the guideline range contained in his plea agreement and that he received ineffective assistance of counsel regarding the plea with the government (#1). The Petitioner was seeking relief that he could only obtain through 28 U.S.C. § 2255. The Government contends that the Petitioner's motion should be dismissed because Petitioner voluntarily waived his right to pursue such relief during his plea of guilty, and because it was filed more than one year after his conviction and sentence became final (#4). The Petitioner was given notice of the Government's motion (#5) but did not respond to the Government's motion to dismiss.

This court has carefully reviewed the record in this case and the arguments of the parties. Following this careful and thorough review, this court agrees with the Government that the Petitioner voluntarily waived his right to pursue relief under 28 U.S.C. § 2255. Therefore, Petitioner's Motion for a reduction in sentencing pursuant to 28 U.S.C. § 2255 (#1) is dismissed.

## FACTS

On May 5, 2006, in Case No. 06-CR-20032, Petitioner was charged by indictment with

conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count 1); armed robbery, in violation of 18 U.S.C. § 1951 (Counts 6 and 8); and carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 7 and 9).

On October 26, 2006, pursuant to a written plea agreement, Petitioner pled guilty to the aforementioned criminal charges. In exchange, the Government agreed that Petitioner had clearly demonstrated acceptance of responsibility for his criminal conduct and a two level reduction in his offense level was appropriate. The Government also agreed to move at sentencing for an additional reduction by one offense level if the Petitioner's offense level was 16 or greater because the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to plead guilty. The written plea agreement stated that the Petitioner knowingly and voluntarily waived his right to appeal from his conviction and/or sentence. Petitioner also waived his right to collaterally attack his sentence. The written plea agreement stated, in pertinent part:

<u>WAIVER OF RIGHT TO COLLATERAL ATTACK</u>

> 31. The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorneys, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255,

and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward departure as set forth above, <u>the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction</u>. (Emphasis added).

ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

32. The defendant states that he has not been coerced, threatened, intimidated, or in any way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he <u>personally</u> believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in his agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement. (Emphasis in original).

The written plea agreement also contained the following statements:

39. Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."

. . .

> I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in its entirety.
>
> I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Petitioner signed the written plea agreement on October 26, 2006. A guilty plea hearing was held on that date before Magistrate Judge David G. Bernthal. On November 12, 2006 this court adopted Judge Bernthal's Report and Recommendation and accepted Petitioner's plea of guilty.

On March 13, 2007, this Court sentenced Petitioner to 457 months imprisonment, 5 years of supervised release, restitution, and a $500 special assessment. Petitioner's sentence was imposed following the Government's motion for a reduction in the sentence, which this Court granted. The Petitioner did not file a direct appeal. On February 28, 2008, Petitioner filed a motion for extension of time to file a motion under 28 U.S.C. § 2255. This Court denied that motion.

## ANALYSIS

As previously noted, Petitioner filed the document entitled "Reduction in Sentence" pursuant to 28 U.S.C. § 2255 (#1) on September 2, 2010. This court agrees with the Government that Petitioner has waived his right to pursue relief under 28 U.S.C. § 2255.

Accordingly, this court further agrees that Petitioner's Motion must be dismissed.

The Seventh Circuit has stated that it strictly enforces waivers of the right to challenge a sentence included in the plea agreement. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); see also United States v. Brownes, 405 F.3d 634, 636 (7th Cir.2005). In the Seventh Circuit, a defendant who, as part of a written plea agreement, expressly waives the right to file a § 2255 motion challenging his sentence may only file such a motion if he can demonstrate that the § 2255 waiver was either unknowing or involuntary or the result of the ineffective assistance of counsel. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones, 167 F.3d at 1145; see also Reed v. United States, 2005 WL 1528371, at *2 (N.D. Ill. 2005). Further, the Seventh Circuit requires that when alleging ineffective assistance of counsel or that the agreement was involuntary, the Petitioner must support the allegations by objective evidence that demonstrates "a reasonable probability that, but for counsel's advice, he would not have accepted the plea." McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir 1996).

In this case, the Petitioner "knowingly and voluntarily waive[d]" his right to file a § 2255 motion when he entered into a plea agreement with the government. The waiver was unambiguous and contained a waiver of the "right to challenge any and all issues relating to his plea agreement, conviction, and sentence." The Petitioner contends that he was misled by his attorney regarding the sentence that would be imposed, but the fact that Petitioner was dissatisfied with his sentence does nothing to change the uncontroverted fact that he waived his

right to collaterally attack his sentence. Also, the Petitioner's baseless allegation that he was misled is not objective evidence that demonstrates "a reasonable probability that, but for counsel's advice, he would not have accepted the plea." McCleese, 75 F.3d at 1179. This Court concludes that the written plea agreement in this case contains a clear waiver of Petitioner's right to file a collateral attack under 28 U.S.C. § 2255. Accordingly, this court concludes that Petitioner's claims are clearly barred by the waiver in the written plea agreement.

This Court notes the Seventh Circuit has stated that "[we] have never been reluctant to hold criminal defendants to their promises." Roberts v. United States, 429 F.3d 723, 724 (7th Cir. 2005).

Alternatively, according to 28 U.S.C. § 2255(f), a motion must be filed within a one year period of limitation that runs from the date of the final conviction. The Petitioner failed to meet this deadline and therefore may not collaterally attack this sentence under 28 U.S.C. § 2255.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Jimenez v. Quarterman, 129 S. Ct. 681, 684 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a

valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that Petitioner waived his right to file a motion under § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Reduce Sentence pursuant to 28 U.S.C. § 2255 (#1) is dismissed as barred by the waiver included in his plea agreement.

(2) The Government's Motion to Dismiss (#4) is granted.

(3) A certificate of appealability is DENIED.

(4) This case is terminated.

ENTERED this 8th day of June, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE